UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


AMHERST TECHNOLOGIES, LLC.,
a Nevada corporation,

    Plaintiff,

vs.                                          CASE NO. 8:04-CV-336-T-17TBM

COMPSERV, INC.,
a Florida corporation,

    Defendant.
_____/


## ORDER

       This cause is before the Court on Plaintiff's Motion for Entry of Final Judgment and an Order Declaring it the Prevailing Party Entitled to Reasonable Fees, filed on January 3, 2005 (Docket No. 36), and response thereto, filed January 28, 2005 (Docket No. 41).

## BACKGROUND

       On February 24, 2004, Plaintiff, AMHERST TECHNOLOGIES, LLC (the "Plaintiff"), a Nevada limited liability corporation, filed a complaint (the "Complaint") against Defendant, COMPSERV, INC. (the "Defendant"), a Florida corporation, in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1332(a)(2), alleging complete diversity and an amount in controversy greater than $75,000.00.  In the Complaint, Amherst sought injunctive relief for breach of an agreement (the "Agreement") between the two parties, as well as litigation costs and reasonable attorney's fees in connection with the Complaint.  (Docket No. 1)  The Agreement was a Non-Disclosure and Confidentiality Agreement which, among other provisions, contained a "Nonsoliciation" provision ("§ 4") which stated that for one (1) year

1

CASE NO. 8:04-CV-336-T-17TBM

from the date of termination of the acquisition or related discussions between the parties, neither party would solicit any then current employee of the other party. (Docket No. 1, Ex. A) Additionally, the Agreement contained a "Remedies" provision ("§ 7") which stated that the "prevailing party as determined by a court of competent jurisdiction shall be entitled to reasonable costs and expenses, including reasonable attorneys fees incurred by such party." *Id*.

Additionally, on the same date, the Plaintiff filed an Emergency Motion for Temporary Injunction with this Court, which was referred to Magistrate Judge Thomas B. McCoun, III by this Court. (Docket Nos. 2, 4) The Defendant filed a memorandum in opposition to Plaintiff's emergency motion on March 5, 2004. (Docket No. 17) On March 11, 2004, Magistrate Judge McCoun issued a Report and Recommendation (the "R&R") stating that the Court should grant Plaintiff's Emergency Motion for Temporary Injunction for a period of seventeen (17) days. (Docket No. 23) At the end of the R&R was a "Notice to Parties" which stated that a failure to file a written objection to the proposed findings and recommendations of the R&R within ten (10) days from the date of service would bar a party from attacking the factual findings on appeal and a *de novo* determination by a district judge. *Id*.

The ten (10) day period passed without objection by the Defendant. In fact, on March 25, 2004, the Defendant filed a Response of Non-Opposition to the R&R. (Docket No. 26) On April 21, 2004, this Court entered an order confirming the R&R with respect to the Emergency Motion for Temporary Injunction and denying the motion in all other respects. (Docket No. 29) Pursuant to U.S.C. § 1292(a)(1), the Defendant could have appealed this Court's order to the Eleventh Circuit Court of Appeals, but did not.

Thereafter, the Plaintiff waived any request for further relief, and, on January 3, 2005, filed its Motion for Entry of Final Judgment and an Order Declaring it the Prevailing Party

CASE NO. 8:04-CV-336-T-17TBM

Entitled to Reasonable Fees. (Docket No. 36) In that motion, Plaintiff argued that it should be declared the "prevailing party" due to the issuance of the preliminary injunction, and, that, as the "prevailing party", it was entitled to litigation costs and reasonable attorney's fees. On January 28, 2005, the Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Entry of Final Judgment and an Order Declaring it the Prevailing Party Entitled to Reasonable Fees.

## **DISCUSSION**

The question presented here is one of contract interpretation; specifically, the question is whether the Plaintiff is the "prevailing party" as used in § 7 of the Agreement when the Plaintiff has been granted all of the relief it seeks, here a preliminary injunction. This is an unusual situation and not one neatly addressed by case law. It appears that the Defendant is asking for a trial to determine who is the "prevailing party" in the present case.

Words in a contract are to be given their normal and ordinary meaning. *Robin v. Sun Oil Co.*, 548 F.2d 554, 557 (5th Cir. 1977). Furthermore, where contract language is not ambiguous, the legal effect of the language is a question of law, not fact. *Orkin Exterminating Co. v. FTC*, 849 F.2d 1354, 1360 (11th Cir. 1988) A contract term is ambiguous if it can reasonably lead to more than one interpretation. *Id*.

The situation now before this Court is that the Plaintiff secured a seventeen (17) day preliminary injunction, the Defendant failed to object to the granting of the injunction, and the Plaintiff has waived any request for further relief (either injunctive or in the form of damages). The Plaintiff has obtained all relief to which it is entitled and which it requests. Additionally, the Defendant has waived all objections related to the R&R granting the injunction for the Plaintiff. The Plaintiff now seeks attorney's fees, as contemplated by § 7 of the Agreement.

CASE NO. 8:04-CV-336-T-17TBM

  Both parties rely on cases that involve statutory provisions.  However, this is not a statutory matter, this is a breach of contract issue and contractual issues focus upon the intent of the parties at the time of making the contract and the language of the contract itself.  The issue here is whether § 7 of the Agreement contemplates the issuance of a preliminary injunction as an event that would give rise to payment of attorney's fees.  The Defendant has not claimed that the language of the Agreement is ambiguous and this Court agrees that it is not, as the language of § 7 of the Agreement specifically states, "each party further agrees that the other party...shall be entitled to a temporary restraining order, preliminary injunction...."  Thus, as a matter of law, this Court construes the term "prevailing party" to include the present situation.  Furthermore, nowhere in the Agreement's language does it say that there must be a trial to determine who is the "prevailing party" in the event of a breach or an attempted breach.  It would be unreasonable for the Defendant to suggest that such a preliminary injunction in favor of the Plaintiff, when no further remedy is sought, would not allow for Plaintiff to be deemed the "prevailing party" and that there must be a trial to determine the issue.

  If this Court were to deny this motion, it suggests that a trial would ensue.  The problem therein lies regarding the subject matter of the trial.  By failing to object to the R&R, the Defendant accepted the Magistrate Judge's findings of fact and is unable to now claim that there is a material fact at issue.  Additionally, as stated above, if the Defendant were to claim that a question regarding the legal effect of the contract existed, such a question is one of law, not fact and it can be resolved on summary judgment.  However, the Defendant has made no such claim.  Furthermore, the Plaintiff seeks no further remedy for the Defendant's breach of the Agreement.  The Plaintiff received the preliminary injunction that it requested and is not seeking damages or other equitable relief in connection with the breach.  Therefore, aside from the amount of attorney's fees to which the Plaintiff is entitled in connection with the preliminary injunction, there is no further dispute.

CASE NO. 8:04-CV-336-T-17TBM

For the foregoing reasons, this Court holds that there are no material issues of fact at issue that would necessitate a trial. All that remains is a determination of attorney's fees in connection with the Plaintiff's procurement of the preliminary injunction. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Entry of Final Judgment and an Order Declaring it the Prevailing Party Entitled to Reasonable Fees (Docket No. 36) be **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment for the Plaintiff declaring the Plaintiff the prevailing party on the preliminary injunction and to close this case. The parties are **DIRECTED** to confer on the issue of the amount of attorney's fees to be paid to the Plaintiff only for the work related to securing the preliminary injunction. If the parties are unable to agree on this matter, this Court will appoint a mediator. The parties will share the expense of the mediator. If that fails, the Plaintiff may file a Motion for Fees and the Defendant should respond.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 10th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record